No. 100
YOUGHIOGHENY & OHIO COAL CO.
v. PASZKA
Ohio Appeals, 7th Dist., Jefferson Co.
Decided May 22, 1925.

**615. HUSBAND AND WIFE—1.** Husband relieved from the common law obligation for his wife's anti-nuptial debts.

2. By legislation, wife's property relieved of husband's control; and he is not answerable for her acts, she alone being sueable and responsible for her own contracts.

**677. JUDGMENT**—Recovered against wife can be collected as if she·were a femme sole.

POLLOCK, J.

George Paszka brought an action against the Youghiogheny & Ohio Coal Co. before a justice of the peace of Jefferson County to recover $65 claimed to have been withheld from his pay by the Company for whom he worked. The case was prosecuted to the Jefferson Common Pleas which found in favor of Paszka.

The Company admitted the employment and also that it withheld the $65 from Paszka's pay, but sought to justify this act by the fact that Paszka's present wife, before her marriage to him, owned the Company a sum greater than $65; the company merely applying the $65 in payment on this anti-nuptial debt of Paszka's wife.

Error was prosecuted by the Company and Paszka contended that under the Code, the wife now has control of her own property as though she was single; and for that reason the common law principle making the husband liable for the anti-nuptial debts of his wife no longer exists in this state.

The Company called attention to the case of Alexander v. Morgan, 31 OS. 546, which held:—"The husband, as between himself and the creditors of the wife, is liable for her anti-nuptial debts, including partnership debts, the legislation of this state concerning the rights and liabilities of married women, not having changed his common law liability in this respect." The Court of Appeals held:

1. The only question to be determined is whether by legislation the husband is now relieved from liability for the anti-nuptial debts of his wife.

2. Under 7999 GC. a husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.

3. It is urged by the Company that the liability for the anti-nuptial debts of the wife under the common law is not an act from which he is relieved by virtue of 8002 GC. which provides: "Neither husband nor wife, as such, is answerable for the acts of the other."

4. The liability of the husband for the anti-nuptial debts of his wife does not attach by reason of the wife's failure to pay but he becomes liable by reason of her contract prior to her marriage.

5. Her entering into a contract with the Company for these purposes was voluntary on her part and certain legal consequences attached to her.

6. The act which causes the liability of the husband under the common law was a voluntary act of his wife.

7. When the legislature provided in 8002 GC. that neither husband or wife as such is responsible for the acts of the other, it relieves the husband from his common law obligation to pay prior marriage debts of his wife.

8. The Supreme Court in the Alexander case, was placing the common law liability of the husband for the debts of his wife, not because he acquired the property rights of his wife, but because upon marriage, the legal rights and liabilities of the wife were merged in the husband.

9. On page 551 of the Alexander case, the Supreme Court stated:—"We are not to be understood as saying that the husband is liable for the debts of the wife contracted during coverture in a partnership business that she is assisting in carrying on with her separate money and means, and in which her husband has no interest or control. This question is not before us."

10. By the legislation of this state, the wife's property is now relieved of the husband's control, and he is not answerable for her acts; but she alone can be sued and held responsible for her own contracts. A judgment against her can be collected as if she

were a femme sole.

Judgment affirmed.

Attorneys—Geo. Cook and Gordon D. Kinder, Martins Ferry, for Company; R. L. Buchanan, Steubenville, for Paszka.

Note—The OS. Pend. opinion will be found in 3 Abs. 454. Motion to certify overruled, 3 Abs. 643; make this the final decision.